**MARGON CORPORATION, Plaintiff,**

v.

**WINSLOW METAL MFG. CORP., Joseph L. Lee, Inc., and Joseph L. Lee, Defendants.**

**Civ. A. No. 14423.**

United States District Court, E. D. New York.

Dec. 17, 1954.

James & Franklin, New York City, for plaintiff. Maxwell James, New York City, of counsel.

Morris Kirschstein, New York City, for defendants.

GALSTON, District Judge.

This is a motion made for summary judgment in a patent infringement suit.

The patent was issued December 29, 1953, and relates to a "movable doll's eye". The inventor was Joseph L. Lee, who is named as one of the defendants. The application for the patent was filed January 31, 1951. On January 18, 1952 the defendant Winslow Metal Mfg. Corp. assigned to Margon Corporation, plaintiff, the entire right, title and interest in and to the invention of the defendant Lee, and in and to the application for letters patent, Serial No. 208,788, filed January 31, 1951. Prior to the assignment by the Winslow Corporation, Lee had assigned to the Winslow Corporation.

The plaintiff by this motion seeks to establish that the defendants are estopped from denying the validity of the patent in suit on the ground that the invention described and claimed in said patent is the invention of the defendant Lee. It is claimed that the defendants infringed Claims 1 and 2 of the patent, and that there is no genuine issue as to any material fact left in the case.

Opposing the motion, the defendants take the position that defendants' product, claimed to infringe, does not infringe, and they offer the affidavit of an expert to demonstrate that the original invention assigned did not warrant the issuance of a patent covering a structure defined in Claims 1 and 2; and

the defendants contend that the defendants' alleged infringing structure follows the prior art, and particularly that which was disclosed in the patent of Popovich, patent No. 2,039,928.

The affidavit of defendants' expert Felshin is contradicted by plaintiff's expert Shapiro, and in view of the essential contradictions relating to the matter of infringement, I do not deem it wise to decide a motion for summary judgment on such a conflict of a pivotal issue. Both parties cite the leading case, Westinghouse Electric & Mfg. Co. v. Formica Insulation Company, 266 U. S. 342, 45 S.Ct. 117, 120, 69 L.Ed. 316. That case considered the legal implications in respect to the relationship between assignor and assignee of a patent. Mr. Justice Taft wrote:

> "Can the state of the art be shown in a suit by the assignee of a patent against the assignor for infringement to narrow or qualify the construction of the claims and relieve the assignor from the charge?"

After considering two Court of Appeals decisions, the Justice continued:

> "We think, however, that the better rule, in view of the peculiar character of patent property, is that the state of the art may be considered. * * * Of course, the state of the art cannot be used to destroy the patent and defeat the grant, because the assignor is estopped to do this. But the state of the art may be used to construe and narrow the claims of the patent, conceding their validity. The distinction may be a nice one but seems to be workable."

Judge Campbell had occasion to follow that ruling in Vogt Instant Freezers, Inc., v. New York Eskimo Pie Corporation, D.C., 59 F.2d 99, at pages 103, 104.

The motion, therefore, for summary judgment in the circumstances must be denied. The merits are to be left for the trial. Settle order.